Daniel, Judge.'
 

 — Two questions arise in this case. The first is, whether growing crops are the subjects of levy and immediate sale under a
 
 fieri facias ?
 
 Various growing vegetables, termed in law emblements, and properly speaking, the profits of
 
 sown
 
 land, but extended in law, not only to growing crops of corn, but to roots planted, and other annual artificial profit, are deemed personal property, and pass as such to the executor or administrator of the occupier, if he die before he has actually cut, reaped, or gathered the same. All vegetable productions are so classed, when they are raised annually by labour and manure, which are considerations of a personal nature. At common law,
 
 fructus industriales,
 
 as growing corn, and other annual produce which would go to the executor upon death, may be taken in execution. 1 Salk. 368. 1 Younge & Jer. 398.
 
 Lawton
 
 v.
 
 Lawton,
 
 3 Atk. 13.
 
 Storer
 
 v.
 
 Hunter,
 
 10 Eng. Com. Law Rep. 115. Tidd, 9th ed. 1001. 1 Chit. Prac. 92. The appraisement and sale thereof at this day in England, is regulated by the statute of 56th Geo. 3, c. 50. Where corn sold under a
 
 fi.fa. is
 
 not ripe, the vendee has a reasonable time after it is ripe, to cut ^ and carry it away; and whilst remaining on the land, it is not liable to a distress for rent, for during all ^at time, it is considered in
 
 custodia legis;
 
 the goods in ^ie venc^ee’s possession being protected, in order to render the execution available, although the sheriff’s duty ended on qle execution of the bill of sale.
 
 Peacock
 
 v.
 
 Purvis,
 
 6
 
 ’
 
 Eng. Com. Law Reps. 154. Watson on the Duties of Sheriff, 180. In
 
 Stewart
 
 v.
 
 Doughty,
 
 9 John. Rep. 108, the case was, that whilst the crop was growing, it was sold by the sheriff under an execution against the lessee, and the plaintiff became the purchaser. The Court said this was a valid sale, and the purchaser became entitled to the right of ingress, &c. to gather the crop.' He succeeded to all the interest of the original lessee in the crop sown. And so the law was understood in the case of
 
 Whipple
 
 v.
 
 Foot,
 
 2 John. Rep. 418. We think the judge erred in this part of his charge.
 

 
 *243
 
 The second question is, Was the sale by the sheriff of the growing crop under the execution, two miles from the place wffiere the crop stood, a valid sale, so as to pass the title to the plaintiff? The execution is to be done in such a manner, as that by the sale, the propert) is most likely to command the highest price in ready money. It is evident, that for this purpose, the bidders ought to have an opportunity of inspecting the goods, and forming an estimate of their value; without which it is not to be expected, that a fair equivalent will be bid. The presence of the goods, too, assures the bidders, that a delivery will be made to the highest, forthwith. There is much justice in the rule requiring the presence of the chattels when they are sold by a sheriff or constable.
 
 Ainsworth
 
 v.
 
 Greenlee,
 
 3 Murp. 470.
 
 Blount
 
 v.
 
 Mitchell,
 
 Taylor’s Rep. 131.
 
 Same Case,
 
 2 Hay. Rep. 65. In this case, the crop was not in the presence of the bidders, and according to the above authorities, we think it was void, and that the purchaser acquired no title. Upon this point in the case, we think that the decision of the Superior Court was correct, and therefore the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.